FILED

2016 JUN 14  AM 9:55

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: 7h  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY P. CASTRO,<br><br>      Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | Case No.: 3:16-cv-1367-BEN-WVG<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

  Before this Court are Motions to Proceed *In Forma Pauperis* ("IFP") and for Appointment of Counsel, filed by Plaintiff Henry P. Castro, who is proceeding *pro se*. (Docket Nos. 2, 3.) Plaintiff filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying his application for disability benefits. (Docket No. 1.)

**I. Motion to Proceed IFP**

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

It appears Plaintiff receives less than $500 per month in food stamps and other benefits. Plaintiff has earned no employment income in the last twelve months and is currently homeless. Plaintiff has adequately stated that he cannot afford to pay the filing fee. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

The Court orders the Clerk to issue the summons and provide Plaintiff with an "IFP Package," consisting of (1) this Order, (2) a certified copy of the Complaint, (3) the summons, and (4) a blank USM Form 285. Plaintiff shall complete the Form 285 and forward it to the U.S. Marshal. The U.S. Marshal shall serve a copy of the Complaint and summons upon Defendant, as directed by Plaintiff on Form 285. *See* 28 U.S.C. § 1915(d). All costs of service shall be advanced by the United States. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or counsel of Defendant and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

## II.    Motion to Appoint Counsel

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both

must be viewed together before reaching a decision." *Id.* (internal citations omitted). Furthermore, "[m]erely alleging indigence is insufficient to entitle [plaintiff] to appointed counsel; he must also demonstrate that he made a good faith effort, but was unable, to obtain counsel." *Garcia v. Smith*, No. 10-cv-1187, 2012 WL 2499003, at *4 (S.D. Cal. June 27, 2012).

Exceptional circumstances do not exist in this case. First, Plaintiff has not addressed the likelihood of success on the merits. Nor is a likelihood of success evident from the face of the Complaint. Second, Plaintiff's motion for appointment of counsel fails to explain how the complexity of his action would prevent him from articulating his claims *pro se*. Finally, although Plaintiff has established his indigence by successfully obtaining IFP status, appointing counsel to represent Plaintiff would be inappropriate because he has failed to demonstrate that he made any efforts to obtain counsel.

Therefore, Plaintiff's request for appointment of counsel is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 13, 2016

HON. ROGER T. BENITEZ
United States District Judge